| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ x<br>In re<br>STARWICH, INC.,<br>                                  Debtor.<br>------------------------------------------------------------ x | Hearing Date: October 31, 2008<br>Hearing Time: 2:00 p.m.<br><br>Case No. 08-13074 (JMP)<br><br>Chapter 11<br><br>**Notice of Motion** |

       PLEASE TAKE NOTICE that upon the annexed declaration of Greg M. Zipes and memorandum of law, Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee") will move this Court before the Honorable James M. Peck, United States Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **October 31, 2008, at 2:00 p.m.**, or as soon thereafter as counsel can be heard, for an order converting this Chapter 11 case to a Chapter 7 case or dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper. The original motion is on file with the Clerk of the Bankruptcy Court.

       PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Greg M. Zipes, Esq., no later than noon on

October 30, 2008.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       October 29, 2008

                          DIANA G. ADAMS
                          UNITED STATES TRUSTEE

By:   */s/ Greg M. Zipes*
      Greg M. Zipes
      Trial Attorney
      33 Whitehall Street, 21st Floor
      New York, New York 10004-2112
      Tel. No. (212) 510-0500
      Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
: Case No. 08-13074 (JMP)
In re : (Chapter 11)
:
STARWICH, INC., :
:
          Debtor. :
:
------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7 CASE OR, IN THE ALTERNATIVE, TO DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE JAMES M. PECK, BANKRUPTCY JUDGE:

      Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), does hereby file this memorandum in support of her motion pursuant to 11 U.S.C. § 1112(b) for an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case. In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

      The Court should convert this case to one under Chapter 7 of the Bankruptcy Code, or dismiss this case. In summary, the Debtor has not demonstrated an ability to reorganize. At a hearing on October 29, 2008, the Debtor represented that it is losing money during the post-petition period and has been unable to meet its post-petition rental obligations. The Debtor had scheduled a sale of substantially all of its assets to take place on that October 29, 2008 date, but was unable to proceed with the sale. As this Debtor has been under Chapter 11 protection for over two months, it appears that the Debtor is unable to accrue sufficient funds to propose or confirm a plan and therefore this Court should convert or dismiss this case.

      The Debtor has not yet filed a monthly operating report. The United States Trustee therefore recommends conversion of this case to one under Chapter 7 of the Bankruptcy Code, so that a trustee can thoroughly investigate the Debtor's financial affairs and determine whether there are assets to marshal and liquidate for the benefit of creditors.

**Facts**

On August 4, 2008 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and an order for relief was simultaneously entered therewith. According to the Affidavit Pursuant to Local Rule 1007-2 signed by Michael Ryan (the "Local Rule Affidavit"), the Debtor is a restaurant chain and has sixty-five full and part time employees. See Zipes Decl. at Ex. A. (Local Rule Affidavit) at ¶ 16. The estimated payroll for the first thirty days after the Filing Date was estimated to be $95,000. Id. The Debtor listed $750,000 in pre-petition tax debt and total unsecured debt of $400,000. Id. at ¶¶ 8-9. The Debtor lists aggregate assets of $400,000. Id. at ¶ 6.

The Debtor has four locations, with its headquarters at 525 West 42nd Street, New York, New York 10036. The Debtor also has locations at 1055 Lexington Avenue, 153 East 53rd Street, and 72 West 38th Street. Id. at ¶ 4-5.

Due to a lack of interest, the United States Trustee has been unable to appoint an official committee of unsecured creditors.

On September 26, 2008, the Debtor filed a motion (the "Motion") for an order: (i) setting auction procedures; (ii) scheduling the date, time and place for a hearing of proposed sale of assets; and (iii) approving the form and manner thereof. Pursuant to the Motion, the Debtor sought the approval of certain terms and conditions of a proposed sale of substantially all of the Debtor's assets. The Debtor also sought a further hearing date to confirm a sale to take place at the offices of the Debtor's counsel. Specifically, the Debtor proposed to sell all of its assets to 35 West 43 Enterprises, Inc. (the "Proposed Buyer") for the sum of $275,000, subject to higher and better offers. See Motion at ¶ 33. See Zipes Decl. Ex. B (Motion).

In an objection dated October 1, 2008, the United States Trustee noted that the proposed sale may not lead to a confirmable plan. The United States Trustee requested that the Debtor

provide the following information as a condition to the sale:

> (a) estimated professional fees incurred to date, as well as estimated professional fees necessary to confirm a plan;
>
> (b) whether the Debtor has remained current with its post-Filing Date financial obligations to employees and creditors;
>
> (c) estimated values of the Debtor's remaining assets, including avoidance actions.

See Zipes Decl. Ex C.

The hearing to approve the Motion took place on October 29, 2008 (the "Sale Hearing"). Zipes Decl. at ¶ 2. At the Sale Hearing, the Motion was not approved. Id. at ¶ 3. Douglas J. Pick, Esq., counsel for the Proposed Buyer, informed the Court that the Proposed Buyer was not willing to provide the Debtor's landlords with a personal guarantee (a.k.a., the "good guy guarantee"). Id. at ¶ 4.

Other than Mr. Pick, no principal or shareholder or other representative of the Proposed Buyer attended the Sale Hearing. A hearing to determine whether the Proposed Buyer could provide adequate assurance of future performance could not go forward because of this absence. Id. at ¶ 5.

The Court indicated that the matter was sufficiently urgent to warrant an expedited continued hearing, in light of the accumulating unpaid post-petition rent, and adjourned the Sale Hearing as well as the hearing on the landlords' motions to lift the automatic stay was moved to October 31, 2008, at 2:00 p.m (the "October 31 Hearing"). Id. at ¶ 6.

The Court directed this Office to file a motion to convert or dismiss the Debtor's case by close of business on October 29, 2008, returnable for the October 31 Hearing. Id. at ¶ 6.

The Debtor has not filed a monthly operating report. See Zipes Decl. Ex. D. Because of the Debtor's lack of financial reporting in this case, the United States Trustee requested that the landlords provide a current status of the administrative obligations due and owing by this Debtor. In response, Cliff Katz, Esq., counsel to certain landlords, in an email to the United States Trustee on October 29, 2008 (the "Katz Email"), stated that "[t]he debtor is currently losing

3

money based upon representations made by debtor's counsel in court today and has not paid rent for 2 out of the 3 months it has been a DIP." See Zipes Decl. Ex. E.

## Argument

The Court should convert this case to one under Chapter 7 of the Bankruptcy Code or dismiss this case. Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). As stated, cause exists under various enumerated provisions under this statute under the following provisions: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . . (B) gross mismanagement of the estate; . . . ."

Bases for the granting of the instant motion under 11 U.S.C. § 1112(b)(4)(A) and (B) exist because, since the Filing Date, there has been gross mismanagement of this estate and there appears to be no reasonable likelihood of rehabilitation. Specifically, the Debtor also has not been meeting its post-petition financial obligations, failing to pay rent to its landlords. See Zipes Decl. Ex. E (Katz Email). The Debtor has also not filed its initial monthly operating in a timely manner. That monthly operating report was due on October 15, 2008. The Debtor has promised to file the monthly operating report by October 31, 2008. See Zipes. Decl. Ex. D.

As stated above, the Motion was not granted at the October 29 Hearing. See Zipes Decl. at ¶ 5. The Debtor failed to produce a ready, willing and able buyer. Id. at ¶ 4-5. The Debtor will have to demonstrate that it can pay all administrative claims in full on the effective date in order to confirm a plan. At least as reflected by record at the October 29 Hearing, the Debtor has no ability to raise the funds necessary to even pay its landlords, let alone administrative expenses such as professional fees. Under the circumstances, the Debtor will not be able to propose a plan and the case should be converted to one under Chapter 7 of the Bankruptcy Code or dismissed.

4

The Debtor has not filed its initial monthly operating report, which is past due. Because of the Debtor's lack of financial reporting and lack of accountability, the United States Trustee recommends conversion of this case to one under Chapter 7 of the Bankruptcy Code. A Chapter 7 trustee will be able to thoroughly investigate the Debtor's financial affairs and marshal assets for the benefit of creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
October 29, 2008

        Respectfully submitted,

        DIANA G. ADAMS
        UNITED STATES TRUSTEE

By:   /s/ Greg M. Zipes
       Greg M. Zipes (GMZ 4539)
       Trial Attorney
       33 Whitehall Street, 21st Floor
       New York, New York 10004-2112
       Tel. No. (212) 510-0500
       Fax No. (212) 668-2255